Exceptions were filed in the Orphans' Court by "Smith E. Davis and Eliza his wife, late Eliza Walker, one of the children and heirs at law of Jonas Walker, deceased," to the administration accounts passed by Lot Rawlins on said estate. The chancellor, sitting alone in the Orphans' Court, disallowed all the exceptions but one, which was
"To this sum paid E. D. Cullen, Esq., solicitor's fee in a suit in Chancery, $50.00."
This exception was allowed so far as to strike out all of said item of charge, except the sum of $13 33. And the chancellor decreed that each party should pay his own costs.
From this decree the administrator appealed.
Cullen, for appellant:
The accounts were not altered in any respect, except to reduce the charge for cash paid the solicitor in chancery, from $50 00 to $13 33. If this sum was properly paid and ought to have been allowed, then the decree of the Orphans' Court is erroneous, not only in this respect, but as to costs.
Smith E. Davis held a bond against Walker for $1500. He brought a suit on it against Walker's administrator, which suit was referred to arbitrators, saving the right of applying to chancery for relief against the bond as fraudulent and without consideration. The administrator, believing it to be so, employed counsel to file a bill, and conduct a suit in chancery to set aside the bond. He failed in his proof, and the bill was dismissed. He paid his counsel $50 00 for conducting the suit. The question then is, whether an administrator may not lawfully employ and pay counsel to prosecute or defend for the estate; and does it make any difference that he fails in the suit? He is not an insurer. So long as he acts in good faith, and makes reasonable payments to counsel, he ought to be protected. The interest of the estates of intestates requires that the administrator should have the power to employ and pay counsel. Can it make any difference that the suit is unsuccessful? If so, it is ruinous either way to administrators. He is bound to show why he has not collected debts appearing to he due his estate; and he can only show *Page 126 
this by the result of a suit. If he does not sue, he must be charged with the amount; if he does sue, and fails, as is contended, he must be ruined by the costs of the proceeding.
Again, it is the interest of the public that fair fees paid counsel should be allowed; otherwise those who know how to prepare this kind of business, and bring it properly before the court for adjudication, must be driven out of employment, and the business left to the parties themselves. Could justice be administered in this way without the employment of men whose profession it is to conduct such business? The result would be either what I have stated, or it would drive administration into the. hands of lawyers exclusively.
I admit that in England, counsellors' fees are not recoverable; neither are physicians'. There counsellors are distinct from attorneys, pleaders, c.; so are physicians distinct from surgeons and apothecaries, who can even in England recover. In all the courts of this state it has been decided that a counsellor or attorney may recover his fees. These characters are all blended in that of the lawyers here. 1 Harr. Rep. 127, Stevens vs. Monges.
The decision allowing $13 33 was unquestionably wrong. This is the fee to be taxed as between the parties, and has no reference to what should be paid by plaintiff to his counsel. If the solicitor's fee was wrong, it was wholly wrong, and ought to have been stricken out.
Brinckloe, for appellee, did not deny that in a proper case a fee might be paid by an administrator to a solicitor in chancery, and this payment be allowed him in his settlement of the estate; but contended that the payment in this case was not proper, and ought not to have been allowed.
Smith Davis held a bond against Walker. He sued his administrator, and recovered judgment. All the estate of Walker was applicable to this judgment, and whatever was spent in litigating with us was spent out of our money. He filed a hopeless bill in chancery; never took any depositions, nor sought to support his bill; asked the chancellor to dismiss his bill in order that he might begin again. The chancellor refused, but decreed against him; and afterwards, when the administration accounts were excepted to, the chancellor refused to allow more than $13 33 for prosecuting his vexatious and fruitless suit. We do not deny that in any case where the administrator's bond would compel him to bring or defend suit, he ought to be allowed a fair fee paid to counsel. But it is for the court in every case to say, whether the proceeding of the administrator was prudent and right, and whether his counsel fees ought to be allowed. *Page 127 
 Ridgely, on same side:
Costs awarded against executors or administrators shall not be allowed in their accounts, unless the chancellor certifies their propriety, cDigest, 225. No such certificate was ever given as to this fee, and the register had no authority to allow it.
I don't dispute Mr. Cullers law, but deny its application. Neither do we deny that the whole fee of $50 00 was earned and ought to have been paid to the counsel; but the question is, whether the estate, or rather the plaintiffs in the judgment to the amount of the estate shall pay it. Why was the bill filed? To keep us out of our money or sink it. What was its fate? Never prosecuted — sought to be withdrawn — decided against him. Shall we or he bear the costs of the proceeding? The whole matter was before the chancellor. He knew what had been the object of the bill and its fate, and he saw proper to disallow the whole of this sum of $50 00, paid by the administrator for the fee to Mr. Cullen, and only allow him $13 33. Whatever he might and ought to have paid to his counsel, this court will not say that he was entitled to receive credit for any more of it as against Walker's, estate, or rather against his creditor.
Cullen. — The administrator believed this bond to be fraudulent. He might have no proof of it, but he had the right to go into chancery for a discovery, and to put the plaintiff on his oath. It was believed that Walker gave this bond to Davis for a particular purpose, taking a secret defeazance. He died, and the defeazance could not be found. His only hope was to come at the conscience of Davis. Under the advice of counsel he filed this bill. It failed, it is true, because Davis would make no discovery. The case then brings up the broad question, whether an administrator, believing it to be right; being instructed by counsel, that it is right; to file a bill in chancery in the defence of his intestate's estate against a fraudulent bond, shall be entitled to repayment out of that estate of necessary fees paid to counsel, because the suit in chancery finally failed. The act of assembly is no bar. It refers to the costs of record, and not to counsel fee — the legal costs charged as between the parties.
The Court considering that the administrator had acted prudently and right in filing the bill in chancery, and employing a solicitor for that purpose, reversed the decree of the Orphans' Court in respect of the solicitor's fee.
 Decree reversed.